IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTH CAROLINA; <br><br> *Plaintiff*, <br><br> v. <br><br> BRYAN STIRLING, in his official capacity as Executive Director of the South Carolina Department of Corrections; <br><br> *Defendant*. | Case No.: 3:24-cv-00906-JDA <br><br> **Motion for Preliminary Injunction and Request for Expedited Consideration** |

The South Carolina Department of Corrections (SCDC) prohibits incarcerated people from being interviewed by anyone, on any topic, and by any real-time means. In the words of SCDC, "[i]nmates lose the privilege of speaking to the news media when they enter SCDC." According to Defendant Bryan Stirling, the executive director of SCDC, the policy (hereafter, the "Challenged Policy") is designed to protect crime victims from observing the speech of the incarcerated people.

Plaintiff American Civil Liberties Union Foundation of South Carolina (ACLU-SC) is injured by the Challenged Policy and moves for an order preliminarily enjoining its enforcement. The Challenged Policy violates the First Amendment because it does not "further a substantial governmental interest" in "security, order, [or] rehabilitation," and because it restricts far more speech "than is necessary or essential to the protection of [a substantial] interest." *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974). Additionally, because ACLU-SC's First Amendment injuries are irreparable, *Johnson v. Bergland*, 586 F.2d 993, 995 (4th Cir. 1978), and the public interest and balance of equities are "established when there is a likely First Amendment violation," *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 191 (4th Cir. 2013), Plaintiff is

1

entitled to preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff also moves for expedited consideration of this motion. One of ACLU-SC's clients, Marion Bowman Jr., is on death row and faces an imminent threat of death if the South Carolina Supreme Court vacates its stay of capital punishment.[1] A preliminary injunction will not relieve the irreparable harm to Plaintiff if it enters too late for Plaintiff to interview Mr. Bowman and publish his speech before the Governor's clemency decision. Given the gravity and urgency of the situation, the Court should grant expedited consideration of this motion.

In support of this motion, Plaintiff respectfully submits the attached Memorandum of Law, sworn declaration, and other exhibits.

Dated: February 23, 2024

Respectfully submitted,

**ACLU OF SOUTH CAROLINA**

*/s/ Allen Chaney*
Allen Chaney
Fed. Id. No. 13181
P.O. Box 1668
Columbia, SC 29202
T: (864) 372-6881
E: achaney@aclusc.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Emerson Sykes*
Speech, Privacy, and Technology Project
125 Broad Street, Floor 18
New York, NY 10004

---

[1] Though this case does not directly implicate the validity of Mr. Bowman's death sentence, courts in this district have acknowledged that cases that involve the death penalty "warrant expedited consideration by the court." *Williams v. Ozmint*, No. 3:05-cv-1648-MCM, 2006 WL 1577265 at 2 n.4 (D.S.C. May 31, 2006).

T: (212) 549-2500
E: esykes@aclu.org

David C. Fathi**
National Prison Project
915 15th Street NW, 7th Floor
Washington, DC 20005
Tel: (202) 548-6603
dfathi@aclu.org

Corene T. Kendrick*
National Prison Project
425 California St., Ste 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org

* Application for Admission Pro Hac Vice Forthcoming

**  Motion for admission *pro hac vice* forthcoming; not admitted in DC, practice limited to federal courts.

*Attorneys for Plaintiff*

3